UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICIA L. CONNOR, et al., )
                              )
                Plaintiffs,   )   Case No. 2:16-cv-02255-APG-VCF
                              )
vs.                           )   ORDER
                              )
CAESARS ENTERTAINMENT CORPORATION, )   (Docket No. 27)
                              )
                Defendant.    )
_____ )

On January 19, 2017, the Court set an early neutral evaluation ("ENE") in the instant case for March 7, 2017, and specifically ordered that all individual parties must attend the ENE. Docket No. 13. Despite that order, however, Plaintiff Brandi Patrick ("Plaintiff") failed to appear at the ENE. The Court therefore ordered Plaintiff to show cause in writing why she should not be sanctioned for failure to comply with the Court's order. Docket No. 20.

On March 14, 2017, Plaintiff responded to the Court's order to show cause. Docket No. 21. Plaintiff submitted a declaration, under the penalty of perjury, stating that she was called into work at the Flamingo Hotel and Casino on March 7, 2017, and that she went to work for fear that she would otherwise lose her employment. *Id.* at 5, 7. On March 14, 2017, therefore, the Court ordered Defendant to respond to Plaintiff's declaration. Docket No. 22. The Court also set a hearing on the order to show cause for March 28, 2017. *Id.*

On March 20, 2017, Defendant responded to Plaintiff's response to the Court's order to show cause. Docket No. 23. Defendant submitted declarations and documentary evidence demonstrating

1  that Plaintiff was not scheduled to work on March 7, 2017, was not called in that day and, in fact, did not work on March 7, 2017. Docket No. 23-2 at 2; Docket No. 23-3 at 2; Docket No. 23-4 at 2; Docket No. 23-6 at 2.

On March 28, 2017, the Court held the show cause hearing, where all parties were allowed to present argument. Docket No. 25. On March 29, 2017, after considering the arguments presented at the hearing, the Court determined that Plaintiff knowingly violated the Court's order to appear at the ENE, and submitted a sworn declaration to the Court that contained false information. Docket No. 26 at 2. The Court therefore sanctioned Plaintiff in the amount of 1/8 of the reasonable attorneys' fees and costs incurred by Defendant in preparing for and attending the ENE, and 1/2 of the reasonable attorneys' fees incurred by Defendant in preparing the response at Docket No. 23. *Id.* at 2-3. Accordingly, the Court ordered Defendant to submit documentation and authority for its reasonable attorneys' fees in accordance with the Court's order, no later than April 5, 2017. *Id.* at 3. The Court ordered Plaintiff to respond no later than April 10, 2017, and allowed Defendant to reply no later than April 12, 2017. *Id.*

Now pending before the Court is Defendant's supplemental brief submitted pursuant to the Court's order. Docket No. 27. Plaintiff filed a response, and Defendant filed a reply. For the reasons discussed below, the Court **ORDERS** Plaintiff to pay Defendant attorneys' fees in the amount of $944 within 30 days of the issuance of this order.

**I.    DISCUSSION**

Because the Court has already determined that Defendant is entitled to attorneys' fees, *see* Docket No. 26 at 2, the only issue is the calculation of the fees. Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

A.     REASONABLE HOURS

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] defer[s] to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433.

The pending motion outlines 12.2 hours that Defendant contends its counsel, Shannon Pierce, reasonably incurred in preparing for and attending the ENE session, and 6.6 hours that it contends Ms. Pierce and her two colleagues, Mr. Hames and Ms. Cook, reasonably incurred in preparing its filing at Docket No. 23. Docket No. 27 at 2-4; Docket No. 27-2 at 4-5; Docket No. 27-3 at 2-5. Plaintiff submits that "Defendant's submission of 12.2 hours to prepare for the ENE is unreasonable" and that its "submission of 6.6 hours to submit its response to the Court's order is . . . completely unjustifiable." Docket No. 28 at 2-3. With regard to the former assertion, Defendant submits that it actually seeks compensation for 9.2 hours of preparation, and for 3 hours spent attending the ENE. Docket No. 29 at 3.[1] Regarding the latter assertion, Defendant submits that Plaintiff appears to improperly discuss Defendant's briefing at Docket No. 27, when in fact the Court chose to award fees for the time it spent preparing its filing at Docket No. 23. Docket No. 29 at 4-5. Defendant

---

[1] Additionally, Defendant submits that Plaintiff's discussion of Defendant's alleged strategy at the ENE, *see* Docket No. 28 at 2, violates this Court's Local Rules by revealing information about the confidential ADR process. Docket No. 29 at 4 (citing Local Rules 16-5 and 16-6(h)). The Court agrees and ADMONISHES Plaintiff to refrain from any further public disclosures of confidential information regarding the ENE process.

3

further submits that the 6.6 hours of work expended in relation to Docket No. 23 were reasonable, as preparing that filing required, *inter alia*, "(1) reviewing the false declaration submitted by plaintiff Patrick, (2) gathering the evidence needed to highlight for the Court the false nature of that declaration, and (3) briefing these issues for the Court." Docket No. 29 at 5.

The Court finds the majority of the requested hours spent preparing for and attending the ENE reasonable. Regarding ENE preparation, Defendant's counsel submitted a detailed confidential ENE statement that thoroughly addressed the multiple claims and Plaintiffs in this case, as well as Defendant's perceived strengths and weaknesses, in compliance with the Court's order at Docket No. 13. The Court finds, however, that a period of six hours, as opposed to eight, is reasonable for drafting, editing, and revising the confidential ENE statement. *See* Docket No. 27 at 2. Counsel further spent a reasonable amount of time preparing to discuss the relevant issues at the ENE. *See, e.g.*, *id.* (detailing one hour of time spent preparing for the ENE after completing the confidential statement). However, the Court finds the March 1, 2017, and second March 7, 2017 entries, totaling .2 hours, irrelevant to counsel's preparation for the ENE. *See id.*; Docket No. 27-3 at 2, 4. Regarding ENE attendance, the three hours' worth of compensation that counsel requests for attending the ENE are eminently reasonable, as the session lasted approximately two and one-half hours, *see* Docket No. 27 at 2, and counsel would have needed sufficient time to travel between the courthouse and her place of accommodation. Thus, the Court concludes that Ms. Pierce reasonably spent ten hours preparing for and attending the ENE. The Court will award Defendant fees for 1/8 of these hours, as set forth in its order at Docket No. 26.

The Court finds most of the requested hours spent preparing the filing at Docket No. 23 reasonable. The filing contains 6 pages of argument, but totals 24 pages and contains several detailed exhibits. *See* Docket Nos. 23–23-7. Further, preparing the filing required Defendant's counsel to spend time investigating the alleged reasons that Plaintiffs Patrick and Parga failed to attend the ENE. Docket No. 29 at 5. Additionally, the Court finds that counsel's billing record mostly reflects a necessary and efficient use of time in completing the relevant tasks. *See* Docket

4

No. 29 at 3-4; Docket No. 27-3 at 4-5. The billing record also reflects the fact that Ms. Pierce delegated tasks to colleagues with lower billing rates where feasible. *See id.* Thus, the Court deletes 1.5 hours of work on Ms. Pierce's part, and 0.4 hours on Ms. Cook's part, and concludes that the reasonable hours spent preparing the filing at Docket No. 23 were 2.7 hours for Ms. Pierce, 1 hour for Mr. Hames, and 1 hour for Ms. Cook. The Court will award fees for 1/2 of these hours, as set forth in its order at Docket No. 26.

B. HOURLY RATE

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party requesting attorneys' fees must show, *inter alia*, that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, at *2 (D. Nev. Oct. 20, 2015) (report and recommendation adopted by Navarro, C.J.). "As for very experienced paralegals, the prevailing rate is in the range of $125." *Id.* (internal citation omitted).

In this case, Defendant seeks hourly rates of $315 for Ms. Pierce, an attorney with 13 years of experience, $220 for Mr. Hames, an attorney with 3 years of experience, and $135 for Ms. Cook, a paralegal with an unspecified amount of experience. *E.g.*, Docket No. 27-1 at 1-2. Defendant provides biographical information for Ms. Pierce and Mr. Hames, but none for Ms. Cook. *See id.*

Plaintiff does not appear to dispute the reasonableness of these rates. *See* Docket No. 28. The Court, however, independently reviews their reasonableness.

The Court finds Ms. Pierce's rate reasonable. *Cf. Kiessling v. Rader*, 2017 U.S. Dist. LEXIS 43179, at *7-*8 (D. Nev. Mar. 24, 2017) (setting an hourly rate of $350 for an attorney with 14 years of experience). However, the Court declines to calculate the lodestar at the requested rates for Mr. Hames and Ms. Cook. The court finds an appropriate hourly rate for Mr. Hames to be $150. *See James Kiessling v. DET. RADER P#6099*, 2017 WL 1128605, at *3 (D. Nev. Mar. 24, 2017). Defendant fails to provide detail about Ms. Cook's background. *See* Docket No. 27-1 at 2. Additionally, an hourly rate of $135 is above that generally awarded in this district for even very experienced paralegals. *Crusher Designs, LLC*, 2015 WL 6163443 at *2 (internal citation omitted). The Court therefore finds an appropriate hourly rate for Ms. Cook to be $100.

C.     FEES TO BE AWARDED

In light of the reasonable hours and rates determined above, the Court hereby calculates the lodestar as follows:

i.     Preparing for and Attending the Settlement Conference

| ATTORNEY | 1/8 OF REASONABLE HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| S. Pierce | 1.25 | $315 | $393.75 |

ii.     Preparing Filing at Docket No. 23

| ATTORNEY OR PARALEGAL | 1/2 OF REASONABLE HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| S. Pierce | 1.35 | $315 | $425.25 |
| A.J. Hames | 0.5 | $150 | $75 |
| A. Cook | 0.7 | $100 | $50 |

Thus, the Court finds a lodestar amount of $944.

## III. CONCLUSION

For the reasons discussed above, Defendant's motion to calculate attorneys' fees, Docket No. 27, is **GRANTED** in part and **DENIED** in part. The Court **ORDERS** Plaintiff to pay Defendant attorneys' fees in the amount of $944 within 30 days of the issuance of this order.

IT IS SO ORDERED.

DATED: April 17, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge